# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JORGE LA ROSA BORDAS,**
**A# 208-764-542,**

    **Petitioner,**

vs.                                               Case No. 4:20cv530-MW-MAF

**WILLIAM BARR, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case on November 6, 2020, by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner was granted in forma pauperis status, ECF No. 4, and the petition was reviewed, revealing that Petitioner is a native and citizen of Cuba who was detained at the Wakulla County Detention Center. ECF No. 1. Petitioner indicated that the order of removal was entered on May 22, 2020. ECF No. 1 at 3.

Because it appeared that the petition was filed prematurely by approximately one week, Petitioner was directed to consider whether to

voluntarily dismiss this case based on his misunderstanding that removal had to occur within three months, *see* ECF No. 1 at 5-6, rather than the six month removal period provided for in Zadvydas v. Davis, 533 U.S. 678, 701, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001).  *See also* Clark v. Martinez, 543 U.S. 371, 125 S. Ct. 716, 722, 160 L. Ed. 2d 734 (2005). Additionally, because it was unclear whether Petitioner waived his right to appeal the order of removal, Petitioner was also directed to file a response providing the clarification required.  ECF No. 4.

Petitioner's deadline to respond was December 11, 2020.  ECF No. 4.  When he failed to do so, an Order to Show Cause was entered, ECF No. 6, providing Petitioner with another chance to respond.  Additionally, Petitioner was directed to explain why he did not comply with the prior Order.  *Id.*

As of this date, no response has been filed.  Indeed, Petitioner's copy of the Order to Show Cause was returned to the Court as undeliverable.  ECF No. 7.  The postal stamp on the returned envelope states only: "Return to Sender" and "No Longer at" the Wakulla County Jail.  *Id.*

Sufficient time has passed for Petitioner to notify this Court of his address upon release if he intended to pursue his claims against the Respondents.  Nothing has been received.  Presumably, Petitioner has

been released from custody and this case is now moot. Moreover, Petitioner has abandoned this litigation by not keeping the Court informed of his whereabouts. In light thereof, it is recommended that this case be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the § 2241 petition, ECF No. 1, be **DISMISSED** for failure to prosecute and because it appears to be moot as Petitioner is no longer detained at the Wakulla County Jail.

**IN CHAMBERS** at Tallahassee, Florida, on February 5, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. **Fed. R. Civ. P. 72(b)(2)**. A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Fed. R. Civ. P. 72(b)(2)**. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**\